UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Robert Graham Jr., | ) C/A No. 6:12-1381-CMC-KFM |
|---|---|
| Petitioner, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| Warden Michael McCall, | ) |
| Respondent. | ) |

Petitioner, Robert Graham, Jr. ("Petitioner"), a self-represented state prisoner, housed in the Perry Correctional Institution of the South Carolina Department of Corrections ("SCDC") in Pelzer, South Carolina, has filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. This matter is before the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) DSC for initial screening.

## *PRO SE* HABEAS REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in the above-captioned case. This Court is required to construe *pro se* petitions liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976)). Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.

1978) (citing *Rice v. Olson*, 324 U.S. 786, 791–92 (1945); *Holiday v. Johnston*, 313 U.S. 342, 350 (1941)).

When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. *Hughes*, 449 U.S. at 10 (citing *Cruz v. Beto*, 405 U.S. 319, 322 (1972)). However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Furthermore, this Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner is currently serving a sentence of life imprisonment without parole for burglary, first degree (two counts), and grand larceny, following his conviction and sentencing, on November 7, 1997, after a jury trial in Florence County General Sessions

2

Court.[1]  Plaintiff files this § 2254 petition seeking to challenge the validity of his current custody by challenging the constitutionality of his prior state court convictions, entered on April 9, 1991, in Florence County, which were used to enhance Petitioner's sentence on November 7, 1997, pursuant to S.C. Code Ann. § 17-25-45, based on Petitioner's classification as a repeat serious offender.

Petitioner alleges that he pled guilty on April 9, 1991, to "numerous burglaries," but claims that "though multiple offenses, it was counted as one conviction for sentencing purposes." ECF No. 1-2, p. 4. However, "the prosecutor at trial [on] November 7, 1997, counted the 1991 plea as two or more prior convictions for burglary, all stemming from the single 1991 plea." *Id.* Petitioner variously refers to the 1991 convictions as "numerous burglaries" (*Id.*), "burglary and house breaking" (ECF No. 1-2, p. 3), and indictments 90-GS-21-1187, 1188, and 95 (ECF No. 1, p. 1). Attached to the Petition are: a "notice of intention to seek a sentence of life without parole" filed by the solicitor in Petitioner's 1997

---

[1] The undersigned takes judicial notice of Petitioner's previous, related federal court proceedings in this district court and state court proceedings in the 12th Judicial Circuit Court of Florence County, South Carolina. Petitioner's previous federal habeas proceedings are in *Graham v. McCall*, C/A No. 6:10-376-MBS-KFM (D.S.C.) and *Graham v. State of South Carolina*, C/A No. 6:11-595-MBS-KFM (D.S.C.). Petitioner's state court records are posted on the Florence County 12th Judicial Circuit Public Index website. *See* http://publicindex.sccourts.org/florence/publicindex/PISearch.aspx (last visited May 29, 2012) The undersigned also takes judicial notice of Petitioner's sentencing information posted on the SCDC Incarcerated Inmate Search website. *See* https://sword.doc.state.sc.us/scdc-public/ (last visited May 29, 2012). These records confirm Petitioner's allegation that he was sentenced to life imprisonment, on November 7, 1997 in Florence County General Sessions Court. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); *In Re Katrina Canal Breaches Consol. Litig.*, 533 F. Supp. 2d 615, 631-33 & nn.14-15 (E.D. La. 2008) (collecting cases indicating that federal courts may take judicial notice of governmental websites, including court records); *Williams v. Long*, 585 F. Supp. 2d 679, 686-88 & n.4 (D. Md. 2008) (collecting cases indicating that postings on government websites are inherently authentic or self-authenticating).

criminal case, 97-GS-21-742, which refers to Petitioner's three prior convictions on the above noted indictments, for one count of burglary, first degree, and two counts of burglary, second degree (ECF No. 1-1, p. 2); a copy of indictment no. 90-1188, which states that it is an indictment for grand larceny of motor vehicle (three counts), burglary (two counts), forgery and privily stealing (ECF NO. 1-1, p. 3-4); and three sentencing sheets from Petitioner's April 9, 1991, guilty pleas, which indicate that Petitioner was sentenced to concurrent sentences of 15 years (91-GS-21-1188), ten years (91-GS-21-1188), and seven years (90-GS-21-1188) (ECF No. 1-1, p. 5-7). Petitioner provides no explanation of the different years listed on the indictments. Petitioner alleges that, at his 1991 plea hearing, he "agreed to a sentence cap of twenty years" (ECF No. 1-2, p. 3) and that "the negotiated plea agreement between Graham and counsel at 1991 hearing was that all sentences were to run concurrent with a twenty year cap" (ECF No. 1-2, p. 5). However, there are no documents attached to Petitioner's petition that specifically refer to a 20-year sentence.

Petitioner seeks to attack the validity of his 1991 guilty pleas, alleging five arguments, all of which revolve around a claim of ineffective assistance of his 1991 and 1997 trial counsel, which Petitioner attempts to tie to the recent United States Supreme Court case of *Missouri v. Frye*, 132 S. Ct. 1399 (Mar. 21, 2012).[2] Petitioner also includes

---

[2] Petitioner misconstrues and misstates the holding in *Frye*, in which the Supreme Court reaffirmed that the Sixth Amendment right to effective assistance of counsel applies to the entry of a guilty plea. The Court held that defense counsel had a duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that might be favorable to an accused; when counsel allowed the offer to expire without advising respondent or allowing him to consider it, counsel did not render constitutionally effective assistance. However, under *Strickland v. Washington*, 466 U.S. 668 (1984), respondent had to show prejudice from the ineffective assistance. The Court concluded that the state appellate court erred by not requiring respondent to show not only a reasonable probability that he would have accepted the lapsed plea, but also a reasonable probability that the prosecution would have adhered to the plea and that the trial court would have accepted it.

allegations of prosecutorial misconduct at his 1997 trial and sentencing, the 1991 plea court's lack of subject matter jurisdiction, and a double jeopardy argument regarding his 1997 sentencing.  Petitioner's five arguments are: (1) Petitioner's 1991 plea counsel was ineffective; (2) the prosecutor engaged in misconduct in 1997, and Petitioner's trial counsel was ineffective; (3) the 1991 plea court lacked subject matter jurisdiction; (4) the State committed a *Brady* violation in 1997; and (5) the 1991 plea court lacked subject matter jurisdiction.  *See* Petition, Arguments 1-5; ECF No. 1-2, p. 3-8.  In the sections of his pleading entitled "AEDPA of 1996" (ECF No. 1-2, p. 1) and "Final Analogy" (ECF No. 1-2, p. 10-12), Petitioner asserts that he received ineffective assistance of counsel in 1991 and 1997 and asserts a cause and prejudice argument to attempt to overcome the procedural default/procedural bar issues that he faces.  He alleges that the state appeal and PCR courts made decisions that were contrary to, or involved unreasonable applications of, federal law, and/or we based on an unreasonable determination of the facts.  Petitioner also alleges an equitable tolling argument, asserting that his Petition is timely because "the Antiterrorism and Effective Death Penalty Act of 1996 does not speak to the questions and substantial claims raised, and presented here and thus does not bar Graham from asserting attorney error as cause for procedural default."  *See* Petition, Final Analogy; ECF No. 1-2, p. 12.

As indicated in note one, above, Petitioner previously filed a § 2254 petition in this court on February 17, 2010, in which he challenged his November 7, 1997, convictions and life sentence.[3]  In *Graham v. McCall*, C/A No. 6:10-376-MBS-KFM (D.S.C.), the

---

[3] *See United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992) (the district court had the right to take judicial notice of a prior related proceeding).

respondent's motion for summary judgment was granted and Petitioner's habeas petition was dismissed, *with prejudice*, as time-barred under 28 U.S.C. § 2244(d)(1)(D). *See* Opinion and Order, *Graham v. McCall*, C/A No. 6:10-376-MBS-KFM (D.S.C. Feb. 11, 2011) ECF No. 46.

On March 16, 2011, Petitioner filed a *pro se* motion, again seeking to set aside his November 7, 1997, convictions and life sentence. In *Graham v. South Carolina*, C/A No. 6:11-595-MBS-KFM (D.S.C.), Petitioner styled his pleading as a "Notice and Motion to Set Aside Judgment," stating that the motion was being brought under Federal Rule of Civil Procedure 60(b)(1-5). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) DSC, the action was referred to the undersigned for review. On April 8, 2011, the undersigned ordered Petitioner to bring his action into proper form pursuant to 28 U.S.C. § 2254, by either paying the $5 habeas filing fee or submitting an Application for Leave to proceed *in form pauperis*. The proper form order noted that Petitioner was essentially challenging his underlying state conviction and that the court construed Petitioner's pleading as a § 2254 habeas petition. The undersigned also noted that despite Petitioner's attempt to file his action under Rule 60(b), such motion was not applicable in his action. On April 18, 2011, Petitioner filed a motion to dismiss the case without prejudice so that he could exhaust state remedies. On April 21, 2011, the undersigned issued a Report and Recommendation recommending that Petitioner's motion to dismiss be granted. Petitioner filed objections to the Report and Recommendation in which he clarified that his original action was brought pursuant to Rule 60(b) and urged the court to grant relief. On February 15, 2012, the court denied Petitioner's motion to dismiss as moot, based on the fact that in his objections, Petitioner asked the court to consider his action

6

on the merits. Further, the court ordered Petitioner to bring the 28 U.S.C. § 2254 action into proper form within 24 days. In the order, the court noted that if Petitioner failed to bring the case into proper form, the case would be dismissed pursuant to Federal Rule of Civil Procedure 41 for failure to comply with an order of the court. Petitioner failed to bring the case into proper form within the required time period. On March 14, 2012, Petitioner filed a reply to the court's order, where he instead argued that he had properly filed his case as a Rule 60(b) motion. On April 10, 2012, Chief United States District Judge Margaret B. Seymour filed an Opinion and Order dismissing Petitioner's action without prejudice for failure to comply with an order of the court pursuant to Rule 41. *See* Opinion and Order, *Graham v. State of South Carolina*, C/A No. 6:11-595-MBS-KFM (D.S.C. Apr. 10, 2012) ECF No. 34.

## DISCUSSION

Insofar as the instant Petition seeks to directly challenge Petitioner's 1997 convictions and life sentence, the Petition should be dismissed under 28 U.S.C. § 2244(b)(1), because such a claim constitutes a second or successive claim that was presented and denied in Petitioner's prior habeas corpus application.[4] As noted above, in *Graham v. McCall*, C/A No. 6:10-376-MBS-KFM (D.S.C.), Petitioner alleged, among other grounds asserted in his claim seeking habeas relief from his 1997 convictions and life sentence, that: his trial counsel was ineffective for allowing petitioner to be tried for life w/out possibility of parole pursuant 17-25-45(H) without placing petitioner on notice per

---

[4] 28 U.S.C. § 2244(b)(1) provides: "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed."

7

legislative intent; his trial counsel was ineffective for allowing petitioner to be tried and convicted upon an indictment where the court had no legal or lawful authority or power to act; his trial counsel allowed the State "to comitt [sic] a grave brady violation by suppressing its notice of intent to seek life without parole"; and the South Carolina Supreme Court erred in finding the habeas corpus denial in lower court was proper. *See* Report of Magistrate Judge, *Graham v. McCall*, C/A No. 6:10-376-MBS-KFM (D.S.C. Oct. 18, 2010) ECF No. 40, p. 9. This court rejected those arguments, based on federal case law and statutory law, because the petition was untimely and dismissed Petitioner's § 2254 habeas petition, with prejudice, pursuant to § 2244(d)(1)-(2).[5]

---

[5] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In order to qualify as a successive petition, the dismissal of the first habeas petition must be on the merits. *Slack v. McDaniel*, 529 U.S. 473, 485-89 (2000); *Harvey v. Horan*, 278 F.3d 370, 379 (4th Cir. 2002), abrogated on other grounds by *Skinner v. Switzer*, 131 S. Ct. 1289 (2011). Although Petitioner's first § 2254 petition was dismissed with prejudice as untimely, a dismissal for procedural default is a dismissal on the merits and, thus, bars a subsequent motion filed without leave of the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit").[6] *See Harvey*, 278 F.3d at 379-80 (citing *In re Cook*, 215 F.3d 606, 608 (6th Cir. 2000)); *Carter v. United States*, 150 F.3d 202, 205-06 (2nd Cir. 1998); *Hawkins v. Evans*, 64 F.3d 543, 547 (10th Cir. 1995); *Bates v. Whitley*, 19 F.3d 1066, 1067 (5th Cir. 1994).

Thus, Petitioner's claims seeking to directly attack his 1997 convictions and life sentence, which were presented and dismissed with prejudice in Petitioner's prior § 2254 petition, should be summarily dismissed under § 2244(b)(1). To the extent that Petitioner raises any claims that were not presented in his prior § 2254 petition, such claims should also be summarily dismissed under § 2244(b)(3)(A)-(E) because Petitioner has not

---

[6] 28 U.S.C. § 2244(b)(3)(A)-(E) and Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts govern an action in which a petitioner, who is in custody pursuant to the judgment of a state court, seeks to present claims in a second or successive habeas corpus application under § 2254. When a petitioner has previously litigated a § 2254 petition, he or she must, "[b]efore a second or successive application permitted by this section is filed in the district court," . . . "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). *See In re Fowlkes*, 326 F.3d 542, 544 (4th Cir. 2003) ("Since Fowlkes has previously filed a section 2254 motion, he may only file a successive section 2254 motion if he receives authorization from this court [(the Fourth Circuit Court of Appeals)] under the standard established in section 2244(b)(3)(C)."). Petitioner does not allege that such a motion has been filed in the Fourth Circuit and such an order making the required determination to authorize this Court to consider this successive § 2254 petition has not been issued by the Fourth Circuit. Consequently, insofar as the instant Petition seeks to challenge Petitioner's 1997 convictions and life sentence, this court has no jurisdiction to consider the instant Petition.

obtained an order from the Fourth Circuit authorizing this district court to consider this application for habeas relief.

Insofar as the instant Petition seeks to challenge Petitioner's 1991 convictions, which were used to enhance Petitioner's 1997 sentence, the threshold issue is whether Petitioner was "in custody" pursuant to these 1991 convictions at the time that he filed the instant Petition, on May 25, 2012. If Petitioner was not in custody pursuant to these April 1991 convictions and sentences, then the Petition must be dismissed, because this Court is without subject matter jurisdiction to hear such claims. The Petition and attachments filed by Petitioner clearly establish that, with respect to the challenged 1991 convictions, Petitioner does not meet the "in custody" requirement of 28 U.S.C. § 2254.

A state prisoner may file "an application for a writ of habeas corpus [if he is] *in custody pursuant to the judgment of a State court*." 28 U.S.C. § 2254(b)(1) (emphasis added). "The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are in custody in violation of the Constitution or laws or treaties of the United States." *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (internal quotation marks omitted).

The United States Supreme Court has "interpreted the statutory language as requiring that the habeas petitioner be 'in custody' *under the conviction or sentence under attack at the time his petition is filed*." *Id.* at 490-91 (emphasis added). Moreover, the *Maleng* Court held:

> a habeas petitioner [does not] remain[] "in custody" under a conviction after the sentence imposed for it has fully expired, *merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted*. . . . While we

> have very liberally construed the "in custody" requirement for purposes of federal habeas, we have never extended it to the situation where a habeas petitioner suffers no present restraint from a conviction. Since almost all States have habitual offender statutes, and many States provide . . . for specific enhancement of subsequent sentences on the basis of prior convictions, a contrary ruling would mean that a petitioner whose sentence has completely expired could nonetheless challenge the conviction for which it was imposed at any time on federal habeas.

*Id.* at 492 (emphasis added). Similarly, in *Lackawanna County District Attorney v. Coss*, 532 U.S. 394, 403-04 (2001) (internal citation omitted) (emphasis added), the United States Supreme Court held:

> once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. *If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained*.

There is, however, a narrow exception to this general rule for "§ 2254 petitions that challenge an enhanced sentence on the basis that the prior conviction used to enhance the sentence was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment." *Id*. at 404. In the instant case, Petitioner alleges that his plea counsel in 1991 was ineffective. *See* ECF No. 1, p. 5, 8; Petition, Arguments 1, 3, 5; ECF No. 1-2, p. 3, 5-6, 8-9; Petition, Final Analogy; ECF No. 1-2, p. 10-12. Accordingly, Petitioner's 1991 convictions were not obtained in violation of the Sixth Amendment for failure to appoint counsel, and Petitioner does not fit the narrow exception to the in custody requirement. Petitioner's sentences for the 1991 convictions have expired. He is currently incarcerated for unrelated 1997 convictions under a life sentence that was enhanced

based on petitioner's prior 1991 convictions.  Consequently, Petitioner is not "in custody" for the 1991 convictions and cannot challenge these convictions pursuant to § 2254.

**RECOMMENDATION**

Accordingly, it is recommended that the instant Application for a Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, be dismissed without prejudice and without issuance and service of process upon Respondent.  Petitioner's attention is directed to the important notice on the next page.

s/ Kevin F. McDonald
United States Magistrate Judge

June 5, 2012
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).